John F. Collins, Receiver
vs.                         } No. 63521
Moore Construction Company

John F. Collins, Receiver
vs.                         } No. 59701
Moore Construction Company

### May 28, 1928

CARPENTER, J. The above cases were brought to recover for labor and materials furnished in the building of houses for the Moore Construction Company and a house for Roger E. Moore by Joseph P. Cuddigan and Vincent Healy, co-partners doing business as Cuddigan & Healy. The cases were tried together, and the jury returned a verdict against the Moore Construction Company in the amount of $2,509.50 and against Roger E. Moore in the sum of $848.58. Thereupon the defendant filed a motion for a new trial, alleging as grounds therefor:

1. That said verdict is contrary to the evidence and the weight thereof.

2. That said verdict is contrary to the law.

3. That said evidence and the weight thereof all preponderate in favor of the defendant.

4. That the damages awarded to the plaintiff are excessive.

5. That the defendant has since the trial of said cause discovered new and material evidence in said cause which it could not have discovered by the exercise of reasonable diligence at or before the time of the trial of said cause, all of which will appear more

fully from affidavits to be filed in said cause.

Said motion was argued before this Court but no affidavits were presented, and therefore the Court assumes that the fifth ground in said motion has been abandoned.

It appeared from the evidence that in the year 1923 Joseph P. Cuddigan was in partnership with one Vincent Healy in the plumbing and heating business. They were unable to agree on certain business matters and a receiver, John F. Collins, Esq., was appointed by the Superior Court to take care of the accounts, finish up the jobs on hand and close out the business.

Mr. Cuddigan testified that while in business under the partnership he did work for the Moore Construction Company on a dozen or fifteen houses, and that his concern also did business for Roger E. Moore. The houses were located in Providence and East Providence, and at the time of the receivership some of these jobs remained unfinished. One job was called the Young job on Mount Hope Avenue, Providence, another was called the Saunders job on Rounds Avenue, Providence, and the plaintiff claimed that there was $892.00 coming to the receiver from Roger E. Moore personally.

Both Cuddigan and Moore were woefully lacking in the matter of keeping books and accounts, the defendant in both cases relying on a mass of checks which were presented, rather than a set of books. The books kept by the plaintiff were of the most elementary nature, although they were the only accounts presented in connection with these claims upon which members of the jury were guided toward their verdicts.

In the hundred or more checks presented and identified by the defendant as having been handed to Cuddigan for work done, it was practically impossible to separate the payments to show which checks applied to the particular accounts upon which suit was brought. The defendant contended that a certain note of $1,000.00 had not been credited to these accounts. The plaintiff testified that this note was paid by a cash payment of $300.00 to Richardson & Boynton with a renewal note of $700.00, and that credit for this amount had been given; that this note of $1,000.00 was given to Richardson & Boynton on the account of Cuddigan & Healy for boilers and materials purchased for fourteen different jobs.

There was a controversy over a note of $2,000.00 to the American Radiator Company. This the plaintiffs contended was for radiators on all the jobs. Moore testified that he did not know whether the $1,000.00 note to Richardson & Boynton was ever renewed. He did not deny that the $2,000.00 note was given the American Radiator Company in payment of radiators and applied to fourteen jobs, and in the early part of the case testified that he did not know of any partnership between Cuddigan & Healy. When asked if he knew of the existence of a partnership, he testified that he did not know anything about it, and further stated that he knew it at the time that his concern gave the American Radiator Company and Richardson & Boynton the notes. He knew then that he was dealing with the partnership. He testified in direct examination that he had received some bills for materials supplied by Cuddigan & Healy from the Rhode Island Sprinkler Company. After this he talked with Collins, who was receiver, and said that he probably called Mr. Collins about these three jobs, and must have gone there two or three times in connection with the claims on the Young and Saunders jobs. On cross examination Mr. Moore was asked if he talked with Mr. Collins about money, and he testified that he did not remember except in a general way; he

did know that he was not there to pay him for the jobs the defendant owed for. He was asked the question whether or not he would deny that Collins' purpose in sending for him was that Collins was seeking payment of money as receiver of Cuddigan & Healy, to which Moore testified, "I did owe some money at that time." He was asked if he had kept books since 1921 and agreed to bring the books into court at the afternoon session, but did not do so. Mr. Collins testified that Moore called at his office several times, and that Moore prevailed upon Collins to withhold lien proceedings on the Young and Saunders jobs, and that payment would be made in full; that because of these assurances by Mr. Moore, representing himself and the Moore Construction Company, no liens were completed against any of these jobs and no part had ever been paid. He testified that the outstanding accounts were Roger E. Moore, Grosvenor Avenue, East Providence, $892.00; Moore Construction Co., Young job, $1495.00; Moore Construction Co., Saunders job, $684.00; making a total of $3,071.00, with interest on these claims.

The original claim on the Young job was $1805.00. There were various items which were disputed and became questions of fact for the jury. Prior to the case being given to the jury, concessions of different amounts on the different jobs were made by the plaintiff, so that when the case was ready for the jury the plaintiff's claim amounted to $2,179.00 against the Moore Construction Company and $792.00 against Roger E. Moore.

There were various disputes throughout the testimony as to errors in the work, the usual disputes about the unworkmanlike finish, credits for various items, such as the wrong pitch to the steam pipes, etc. The plaintiff explained his version of these disputed items, all of which became a question of fact for the jury. The original claim as presented at the beginning of the trial showed an aggregate claim of $3,580.00 against the Moore Construction Company and Roger E. Moore. With the meager details with which the jury had to work in arriving at a verdict, they reduced these claims to $3,358.00, which included interest.

In view of the inability of the defendants to furnish any books or data beyond the mass of checks, which it is conceded ran over a period of more than two years on at least ten jobs that did not pertain to the claims upon which suit was brought, and with the aid of such books as the plaintiff had, it would seem that a fair preponderance of the facts and the weight of the evidence was not contrary to law, nor was the verdict contrary to the evidence, the jury in arriving at their verdict taking into consideration the disputed claims, which lowered the figure as set forth in the bill of particulars by $1,221.92.

The Court feels that substantial justice has been done in these cases and the motion for a new trial in each case is denied.

For plaintiff: Rosenfeld & Hagan.

For defendant: Littlefield, Otis & Knowles.